**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY KNIGHT and SHERRY KNIGHT, | |
| Plaintiffs, | CIVIL ACTION NO. 3:02-CV-2030 |
| v. | (JUDGE CAPUTO) |
| ALLSTATE INSURANCE COMPANY, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendant Allstate Insurance Company's Motion for Summary Judgment. (Doc. 35.) For the reasons set forth below, Defendant's motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

On June 1, 2000, Plaintiffs' home suffered extensive fire damage rendering it uninhabitable. In accordance with the policy issued by Defendant, Plaintiffs filed a claim. The evidence indicates that Defendant believed it would take four months to repair Plaintiffs' home. Consequently, Defendant paid living expenses of $1500.00 per month for the months of June, July, August and September. During these four months, Plaintiffs were unable to repair their home because the claim had not yet been adjusted. There is a dispute about the amount that was owed on the claim. In September 2000, Defendant issued a check for $56,739.46 payable to Plaintiffs and their mortgagee.[1] Plaintiffs say the damage was greater, but they did not provide Defendant with an amount in the period

---

[1] The policy required joint payees when the insured property was encumbered by a mortgage.

from June through September 2000.  Ultimately, Plaintiffs were informed by an appraiser that in accordance with the appraisal process provided for in the policy, they were entitled to $133,735.42 for structural damage to the home.

After September 2000, Plaintiff requested Defendant to continue paying living expenses.  Defendant paid an additional $1500.00.  Plaintiffs contend additional living expenses were due.  However, since I have limited the claim for bad faith to events occurring before October 31, 2000, the date Plaintiffs sought protection under the Bankruptcy Code, the refusal to make additional living expense payments beyond October cannot be a basis for this bad faith claim.  (Doc. 23.)

This is a claim of bad faith brought pursuant to title 42, section 8371 of the Pennsylvania Consolidated Statutes.  Plaintiffs contend that Defendant engaged in prohibited conduct when it failed to promptly pay for the structural damage to Plaintiffs' house.  Defendant has filed this motion for summary judgment and it is ripe for disposition.

## STANDARD

The appropriate standard for adjudicating a motion for summary judgment is well known and need not be recited in full here. For the purposes of the instant motion, it is sufficient to note that summary judgment is only appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c).  A fact is material if proof of its existence or non-existence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See id.*

## DISCUSSION

Title 42, section 8371 of the Pennsylvania Consolidated Statutes provides an insured with a private right of action where an insurer acts in bad faith. Specifically, section 8371 states:

> In an action under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess the court costs and attorney fees against the insurer.

Bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent." *Polselli v. Nationwide Mut. Fire Ins.*, 23 F.3d 747, 751 (3d Cir. 1994). Plaintiffs bare the burden of proving that Defendant acted in bad faith by clear and convincing evidence. *Id.* at 752.

Here, Plaintiffs claim that Defendant's failure to adjust their claim promptly is evidence of bad faith. First, Plaintiffs argue that for four months they could not repair their home since no payment for structural damage was made until September 2000. Moreover, Plaintiffs argue that Defendant's act of paying an amount which was less than one-half of the value of the claim is illustrative of the extent of Defendant's bad faith.

3

Further, Plaintiffs argue that Defendant's pressuring their contractor, Feredex, to reduce the initial value of the claim is yet another egregious act of bad faith practiced by Defendant.

Defendant argues that it did not engage in bad faith, but rather, engaged in an aggressive defense. *See Jung v. Nationwide Fire Ins. Co.*, 949 F. Supp. 353 (E.D. Pa. 1997). Defendant also argues that Plaintiffs did not cooperate in that they did not have a contractor or public adjuster prepare an estimate of their loss despite requests in April and May of 2001 by Defendant to do so. Defendant also argues that Plaintiffs failed to make arrangements with the mortgage company regarding the use of proceeds which were paid to repair their home.

The Court does not believe the aggressive defense analogy is appropriate. There is evidence not only that the claim was valid, but that it was in an amount greater than Defendant wanted to pay. Defendant's own contractor determined the claim in an amount which Defendant prevailed upon him to reduce. Defendant knew there was a loss, hired its contractor to estimate the loss, received its contractor's estimate, and then prevailed on its contractor to reduce the amount. By engaging in this course of conduct, Defendant not only delayed payment, but provided payment in an amount which was well below the actual damage suffered. This is not an aggressive defense. Rather, in light of this evidence, a reasonable fact-finder could conclude that Defendant acted in bad faith.

Defendant's evidence of a lack of cooperation occurred in 2001, which was after Plaintiffs sought protection under the Bankruptcy Code. Moreover, it is difficult to entertain a contention of lack of cooperation within the four months following the fire since

4

Plaintiffs would not have reason to believe that Defendant would be anything but fair in adjusting their claim.

In light of the foregoing, the Court finds that there are genuine issue of material fact.  Accordingly, Defendant's motion will be denied.

An appropriate Order follows.


May 31, 2005                                                    /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                United States District Judge

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY KNIGHT and SHERRY KNIGHT, | |
| Plaintiffs, | NO. 3:02-CV-2030 |
| v. | |
| ALLSTATE INSURANCE COMPANY, | (JUDGE CAPUTO) |
| Defendant. | |

## ORDER

**NOW**, this  31st  day of May, 2005, **IT IS HEREBY ORDERED** that Defendant Allstate Insurance Company's Motion for Summary Judgment (Doc. 35) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge